UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――― X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | ECF Case |
| | | |
| -v- | : | Civil Action No.:<br>08-CV-03355 (LMM) (GWG) |
| | | |
| $28,839.50 FORMERLY ON DEPOSIT IN ACCOUNT NO. ___0830, IN THE NAME OF eCOMMERCE CUBED, INC., HELD AT WESTSIDE BANK, AND ALL FUNDS TRACEABLE THERETO; | :<br>:<br>:<br>: | **ANSWER AND**<br>**JURY DEMAND** |
| | | |
| $6,043.44 FORMERLY ON DEPOSIT IN ACCOUNT NO. ___0849, IN THE NAME OF eCOMMERCE CUBED, INC., HELD AT WESTSIDE BANK, AND ALL FUNDS TRACEABLE THERETO; | :<br>:<br>:<br>: | |
| | | |
| $91,431.79 FORMERLY ON DEPOSIT IN ACCOUNT NO. ___0853, IN THE NAME OF eCOMMERCE CUBED, INC., HELD AT IRONSTONE BANK, AND ALL FUNDS TRACEABLE THERETO; | :<br>:<br>:<br>: | |
| | | |
| $57,709.46 FORMERLY ON DEPOSIT IN ACCOUNT NO. ___7836, IN THE NAME OF TRANSACTION TECHNOLOGIES, HELD AT FIRST CITIZEN'S BANK, AND ALL FUNDS TRACEABLE THERETO; | :<br>:<br>:<br>: | |
| | | |
| $101.18 FORMERLY ON DEPOSIT IN ACCOUNT NO. ___8187, IN THE NAMES OF STEVEN ENGELSON, FRANCES REORGANGI, GLOBAL USI COMMUNICATIONS, GLOBAL USI SERVICES, GLOBAL USI COMMUNICATION SERVICES, INC., USI AMERICA, LLC, OR ICASH SYSTEMS, HELD AT FIRST NORTHERN BANK, AND ALL FUNDS TRACEABLE THERETO; | :<br>:<br>:<br>:<br>:<br>:<br>: | |
| | | |
| $2,386.89 FORMERLY ON DEPOSIT IN ACCOUNT NO. ___6168, IN THE NAMES OF STEVEN ENGELSON, FRANCES REORGANGI, GLOBAL USI COMMUNICATIONS, GLOBAL USI SERVICES, GLOBAL USI | :<br>:<br>:<br>: | |

| | |
|---|---|
| COMMUNICATION SERVICES, INC., USI AMERICA, LLC, OR ICASH SYSTEMS, HELD AT FIRST NORTHERN BANK, AND ALL FUNDS TRACEABLE THERETO; | : : : |
| $1,777.00 FORMERLY ON DEPOSIT IN ACCOUNT NO. ___3222, IN THE NAMES OF STEVEN ENGELSON, FRANCES REORGANGI, GLOBAL USI COMMUNICATIONS, GLOBAL USI SERVICES, GLOBAL USI COMMUNICATION SERVICES, INC., USI AMERICA, LLC, OR ICASH SYSTEMS, HELD AT FIRST NORTHERN BANK, AND ALL FUNDS TRACEABLE THERETO; | : : : : : |
| $870.84 FORMERLY ON DEPOSIT IN ACCOUNT NO. ___3392, IN THE NAMES OF STEVEN ENGELSON, FRANCES REORGANGI, GLOBAL USI COMMUNICATIONS, GLOBAL USI SERVICES, GLOBAL USI COMMUNICATION SERVICES, INC., USI AMERICA, LLC, OR ICASH SYSTEMS, HELD AT FIRST NORTHERN BANK, AND ALL FUNDS TRACEABLE THERETO; | : : : : : |
| $525.52 FORMERLY ON DEPOSIT IN ACCOUNT ___9344, IN THE NAME OF USI SERVICES, HELD AT FIFTH THIRD BANK, AND ALL FUNDS TRACEABLE THERETO; | : : : |
| Defendants in rem.  _____ | : X |

Claimant E-Commerce Cubed, Inc. ("EC³" or "Claimant"), through their counsel, Winston & Strawn LLP, hereby answers the Verified Complaint ("Complaint") of the United States of America ("Plaintiff") as follows. To the extent not expressly and explicitly admitted, all allegations of the Complaint are denied.

## I. JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint does not contain allegations as to or against Claimant and therefore no answer is required. To the extent that an answer is required, Claimant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, except Claimant admits that this action seeks forfeiture of the first four sums of money (the "$EC^3$ funds") listed in paragraph 1.

2. Claimant admits the allegations contained in paragraph 2 of the Complaint.

3. Claimant denies the allegations contained in paragraph 3 of the Complaint, except admits that venue is proper.

4. Claimant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except admits that the $EC^3$ funds were seized from the first four accounts listed in paragraph 1.

5. Claimant denies the allegations contained in paragraph 5 of the Complaint.

**UNDERLYING INVESTIGATION OF GLOBAL USI COMMUNICATIONS**

6. Claimant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Claimant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Claimant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Claimant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Claimant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Claimant denies the allegations in paragraph 11 of the Complaint, except admits that Global USI Communications, Inc. ("GLOBAL USI") retained $EC^3$ to collect money that GLOBAL USI claimed it was owed by its customers, and admits also that $EC^3$ worked with Transaction Technologies ("TT") to process some of the transactions.

## BASES TO FORFEIT THE DEFENDANT FUNDS

12. Claimant denies the allegations in paragraph 12 of the Complaint, except admits that $EC^3$ and TT attempted to process more than 12,000 transactions totaling more than $1.5 million on behalf of GLOBAL USI, and admits that more than $300,000 was withdrawn from bank accounts as payments to GLOBAL USI.

13. Claimant denies the allegations in paragraph 13 of the Complaint and all sub-paragraphs thereto, except: admits the allegations stated in sub-paragraph 13(a) of the Complaint; admits, as alleged in sub-paragraph 13(b), that funds deposited into the First Citizens Account are held in escrow for a period of time prior to their release, and that the funds that TT processes on behalf of $EC^3$ are not designated by individual merchant while held in the First Citizens Account; admits that as of October 9, 2007 there was approximately $62,000 pending in escrow, and; admits, in response to the allegations in sub-paragraph c, that prior to transfer to Global USI, the First Citizen Account funds are deposited in a second escrow account held by $EC^3$ at Ironstone Bank (the "Ironstone Account"), and that the funds are held there for approximately two days before being transferred.

14. Claimant denies having information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and all sub-paragraphs thereto,

except admits that when the funds designated for GLOBAL USI were released from escrow, they were transferred to one of two accounts at First Northern Bank: an account with an account number ending with the numerals 8187, and an account with an account number ending in the numerals 6168; Claimant admits also, in response to the allegations in sub-paragraph 14(c), that on or about August 10, 2008, $EC^3$ received instruction to start sending money to the account with the account number ending in the numerals 6168.

15. Claimant denies having information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Claimant denies having information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Claimant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Claimant denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Claimant denies the allegations contained in paragraph 19 of the Complaint.

## CLAIM FOR FORFEITURE

20. Claimant repeats, reiterates and realleges each and every response contained in paragraphs 1 through 19 of the Answer as if set forth fully herein.

21. Claimant admits the allegations contained in paragraph 21 of the Complaint.

22. Claimant admits the allegations contained in paragraph 22 of the Complaint.

23. Claimant denies the allegations contained in paragraph 23 of the Complaint.

24. Claimant denies the allegations contained in paragraph 24 of the Complaint, except admits that the text accurately quotes from 18 U.S.C. § 984.

25.  Claimant denies the allegations contained in paragraph 25 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, in whole or in part, by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any of the alleged injuries or losses, if any, were incurred solely as the result of the culpable conduct or want of care on the part of third parties.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged injuries and losses wholly or partially preexisted the occurrences alleged to involve $EC^3$ and were in no way caused by the acts or omissions of $EC^3$.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the innocent owner defense, pursuant to 18 U.S.C. § 981(a)(2), providing that no property shall be forfeited based on acts or omissions conducted without the knowledge of the owner.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that $EC^3$ has already returned funds, from separate accounts, to the purported victims of the fraud alleged in the Complaint, and thus forfeiture of the seized funds would result in double compensation to these purported victims.

## JURY DEMAND

$EC^3$ demands trial by jury as to all claims and defenses in this action.

WHEREFORE, Claimant respectfully requests that the Court enter an order:

A. dismissing Plaintiff's Complaint in its entirety;

B. requiring Plaintiff to return the EC3 funds plus interest to EC3;

C. annulling the forfeiture; and

D. for such other and further relief as the Court deems to be just and proper.

Dated: New York, New York
June 10, 2008

WINSTON & STRAWN LLP

By: s/Richard F. Lawler
Richard F. Lawler (RL 2523)

200 Park Avenue
New York, New York 10166
(212) 294-6700

*Attorneys for Claimant $EC^3$*

7

NY:1183923.2